Tijue Adolphus McGhee #115633|
M.C.F./S-West-02
300 Bradford Street
Redwood City, CA. 94063
Pro Se.

Case: 23-15435, 05/31/2023, ID: 12725806, DktEntry: 10, Page 1 of 7

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 31 2023

FILED
DOCKETED
DATE    INITIAL

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| Tijue Adolphus McGhee, Appellant, vs. R. Jaime-Daumy et. al. Appellee(s). | Case No. 23-15435 <br><br> D.C. Case No. 4:23-CV-00532-HSG <br><br> "FROM COURTS ORDER" |

## I. STATEMENT EXPLAINING WHY APPEAL IS NOT FRIVOLOUS AND SHOULD GO FORWARD.

1. Date(s) of entry of judgement or order(s) you are challenging in this appeal: 3-22-2021, 3-21-2023.

Plaintiff's Civil Complaint 42 U.S.C. §1983 filed on July 27th, 2020, was screened by the United States District Court for the Northern District of California by standard of review: A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §

Page 1 of 6.

1915A(a). In it's review, the court must identify any cognizable claims and dismiss any claims as frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dept. 901 F.2d 696, 699 9th Cir. 1988). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief". Federal Rule of Civil Procedure 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the claim is and the grounds upon which it rests"'" Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted). Although in order to state a claim a complaint "doesn't need detailed factual allegations,... a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

1  action will not do...."
2
3
4      Factual allegations must be enough to
5  raise a right to relief above the specu-
6  lative level." Bell Atlantic Corp. v. Twombly, 550
7  U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
8  (citations omitted). A complaint must proffer
9  "enough facts to state a claim for relief that
10 is plausible on its face". Id. at 570.
11
12
13     To state a claim under 42 U.S.C. § 1983,
14 a plaintiff must allege two essential ele-
15 ments: (1) that a right secured by the Con-
16 stitution or laws of the United States
17 was violated, and (2) that the alleged vio-
18 lation was committed by a person acting
19 under color of state law. See West v.
20 Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101
21 L.Ed.2d 40 (1988).
22
23
24     On 3-22-2021, Plaintiff Tijue Adol-
25 phus McGhee was unemployed due to being
26 laid off of work with Five Keys Schools & Pro-
27 grams, and subsequently lost his temporary
28 place of residence at 1217 78th Ave in the

Page 3 of 6.

1  City of Oakland California on 3-1-2021.
2  Incapacitated by an overdose of fentanyl laced cocaine
3  and hospitalized at San Francisco General Hospital
4  February 7th, 2021. Prior to plaintiff's release from
5  San Quentin State Prison on 4-7-2020, plaintiff
6  was diagnosed with depression, emotional stress,
7  and paranoid schizophrenia which he required treat-
8  ment with psychotropic medication and scheduled
9  meetings with a mental health doctor.
10
11
12  ## II. What Error Did The District Court Make?
13
14  The District Court erred when they allowed
15  plaintiff leave to amend the original complaint,
16  which plaintiff did, but did not allow plaint-
17  iff's "Amended Complaint" to proceed forward
18  which is a Constitutional Due Process Right.
19  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)
20  Arreola v. Godinez, 546 F.3d 788 (7th Cir. 2008)(cou-
21  rts should grant leave to amend pro se complaints
22  where there is no dilatory motive, undue delay,
23  repeated failure to cure deficiencies, bad
24  faith, no prejudice to defense, and amend-
25  ment could cure deficiencies). Haines v. Kerner, (1972)
26
27
28  ## III. What Legal Claim or Claims Were Raised?

1  Plaintiff raised cognizable First, Sixth, and
2  Fourteenth Amendment claims within the complaint
3  allegations that defendant Jaime-Danny read
4  legal mail addressed to his appellate counsel
5  and that defendant Wren allowed it to happen.
6  First Amendment right to freedom of speech
7  and Fourteenth Amendment right to due process
8  and access to courts, or some combination there
9  Prison officials read his legal mail interfer-
10 ing with his right to consult privately with
11 counsel, states a Sixth Amendment claim.
12
13
14      IV. Court Consideration.
15
16
17     The court should take into account that
18 plaintiff is not trained in law, as well as, dep-
19 rived of resources due to being homeless, unem-
20 ployed and disadvantaged from his incarceration
21 and no substantial support, unlike the defend-
22 ant(s). The prohibited "by law" actions of the
23 defendants cannot go unchecked because the
24 lack of resources as a homeless, unemployed, chem-
25 ically dependent, demonized by a society for
26 mistakes as a poor human being, then my
27 rights mean absolutely nothing.
28

In Fact!, Plaintiff pray the courts help in righting the wrongs committed against him, violating Constitutional rights guaranteed to him, not by one, but "two corrections officers" who showed him his "rights" as a prisoner under their watch and care mean absolutely nothing, even as a "United States Citizen". Plaintiff pray the court find a path to sound resolution in granting nominal, compensatory, and punitive damages for concrete Constitutional violations by the defendants, and any other relief the court deems fit. Elrod v. Burns, 127 U.S. 347, ___ S.Ct. ___, ___ L.Ed.2d ___ (1976) (First Amendment deprivations, regardless of how short the duration, constitute irreparable injury). Croft v. Roe, 170 F.3d 957 (9th Cir. 1999).

Dated: 5-30-2023      Tijue Adolphus McGhee
                     Print Name(s)

                     [signature]
                     Signature(s)

                     Appellant(s) in Pro Se

Page 6 of 6.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**
Use Form 25 only if you are not registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s):** 23-15435

**Case Name:** Ti'jue McGhee v. R. Jaime-Daumy, et. al.

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the OPENING BRIEF, MOTION FOR APPT. OF COUNSEL et.,al. and any attachments. *(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature:** [signature]  **Date:** 5-30-2023

| Name | Address | Date Served |
|---|---|---|
| CARSON RICHARD NIELLO | OFFICE OF THE ATTORNEY GENERAL CORRECTIONAL LAW SECTION 455 GOLDEN GATE AVE, SUITE 11000 SAN FRANCISCO, CA 94102-7002 | 4-26-2023 |
| | | |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939
*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 25** Rev. 12/01/2018